# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| ST. MATTHEWS UNITED METHODIST CHURCH,  Plaintiff, | § § § § | |
| v. | § | CIVIL ACTION NO. H-11-2036 |
| | § | |
| PHILADELPHIA INDEMNITY INSURANCE COMPANY,  Defendant. | § § § § | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion to Dismiss or, in the Alternative, Motion for More Definite Statement and, Verified Motion for Abatement ("Motion") [Doc. # 3] filed by Defendant Philadelphia Indemnity Insurance Company ("Philadelphia"), to which Plaintiff St. Matthews United Methodist Church ("St. Matthews") filed a Response [Doc. # 10]. Having reviewed the full record, the Court grants the Motion to Dismiss but will allow Plaintiff an opportunity to replead.

Plaintiff's property was damaged during Hurricane Ike. Defendant's records reflect that on February 27, 2009, Plaintiff submitted a Sworn Proof of Loss for $94,906.59, which Defendant paid.[1] On July 10, 2009, Plaintiff submitted a Supplemental Proof of Loss in the amount of $37,652.34, reflecting the additional cost

---

[1] Plaintiff has not disputed the accuracy of Defendant's records.

for replacing the roof rather than repairing it. On July 14, 2009, Defendant issued payment to Plaintiff for the additional amount. Plaintiff demanded an appraisal as provided for under the insurance policy. Plaintiff and Defendant agreed upon an appraisal umpire, who issued an appraisal award in Plaintiff's favor. Defendant paid the full amount of the appraisal award. Plaintiff then demanded an additional payment of approximately $77,000.00, which Defendant did not pay.

Plaintiff filed this lawsuit in Texas state court alleging breach of contract and "statutory and common law bad faith." Plaintiff seeks damages in the amount of $454,887.00, plus attorney's fees. Defendant removed the case to federal court and filed the pending Motion.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is viewed with disfavor and is rarely granted. *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009). The complaint must, however, contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its face." *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

In this case, Plaintiff alleges that Defendant failed to pay the full amount requested by Plaintiff and that Defendant refused to pay for asbestos abatement "even though the policy does not contain an asbestos exclusion." It appears this is the basis

for the breach of contract claim, but there are no factual allegations that suggest that the insurance policy would be breached if Defendant simply refused to pay all amounts requested by Plaintiff. Similarly, there is no allegation that Defendant denied any payments based on an "asbestos exclusion." Plaintiff has failed to allege a factual basis for a breach of contract claim.

Plaintiff's allegations similarly fail to support a bad faith claim. Plaintiff alleges that the appraisal umpire "was nothing more than a Philadelphia proxy," but there are no factual allegations to support that conclusory assertion. Indeed, in the Response, Plaintiff concedes that the allegation is speculation but argues that discovery may reveal something to support it.

Plaintiff has failed to allege a factual basis for its breach of contract and bad faith claims. When a plaintiff's complaint fails to state a claim, however, the court should generally give the plaintiff a chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). The Court concludes that Plaintiff should be given an opportunity to amend the complaint, but Plaintiff may not plead a claim for which it has no good faith factual basis. *See* FED. R. CIV. P. 11(b). Plaintiff will also be permitted to amend the complaint again, if needed, by a date to be set by the Court at the initial pretrial conference on September 6, 2011,

which deadline will be after initial disclosures and some discovery. Accordingly, it is hereby

**ORDERED** that Defendant's Motion to Dismiss [Doc. # 3] is **GRANTED**. On or before **August 15, 2011**, Plaintiff shall file an Amended Complaint that satisfies federal pleading requirements and complies with Rule 11 of the Federal Rules of Civil Procedure.

SIGNED at Houston, Texas, this **25th** day of **July, 2011.**

_____
Nancy F. Atlas
United States District Judge